UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 18-24218-CIV-GAYLES

ROSS MANDELL,

    Plaintiff,

v.

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION; FEDERAL
BUREAU OF INVESTIGATION; and
UNITED STATES DEPARTMENT OF JUSTICE,

    Defendants.
_____/

**DEFENDANT U.S. DEPARTMENT OF JUSTICE'S RESPONSE TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S POST HEARING SUBMISSION**

Defendant, United States Department of Justice, hereby Responds to Plaintiff's Motion to Strike Defendant's Additional Post-Hearing Evidence (ECF No. 42).

## ARGUMENT

Recognizing that his attempt to mislead the Court has been exposed, Plaintiff asks the Court to ignore the evidence controverting his misrepresentations and accept his false account of what happened his criminal trial as the truth. Invoking the Local Rule regarding Motions for Summary Judgment (L.R. 56.1), Plaintiff argues that the government waived its right to dispute his version of the facts by not submitting its own statement pursuant to the Local Rule, and that the Court is now required to deem his version of the "facts" as admitted.

The Local Rule, however, is not as rigid as Plaintiff suggests. Whether to deem an uncontroverted fact as admitted pursuant to the Local Rule is within the Court's discretion. *See Marantes v. Miami-Dade County*, 776 Fed. Appx. 654 (11th Cir. Sept. 5, 2019) ("it was within the district court's discretion under Local Rule 56.1(b) to deem the defendants' facts admitted").

The Court also has the discretion to consider the government's evidentiary submission even though the submission was not made in a statement addressing Plaintiff's statement of undisputed facts pursuant Local Rule 56.1. See Fed. R. Civ. P. 56(e) ("if a party . . . fails to properly address another party's assertion . . ., the court may . . . (1) give an opportunity to

properly . . . address the fact"). Here, after Plaintiff admitted at the August 30, 2019 hearing that his Motion for Summary Judgment was based on a misunderstanding of the nature of the Justice Department's response to his FOIA request[1], and presented arguments that expanded upon and differed from those presented in his Motion for Summary Judgment, the Court allowed Plaintiff to tender a written post-hearing brief in support of his arguments. The Court allowed Defendant to respond accordingly. It was entirely appropriate for Defendant to support its post-hearing brief with additional evidence, to adequately defend against Plaintiff's expanded claims.

Even if the Court lacked the discretion to consider the evidence submitted in response to Plaintiff's post-hearing brief—clearly it has such discretion—the Court is not required to accept as true Plaintiff's self-serving declaration. Although under Local Rule 56.1, a movant's submitted facts are generally deemed admitted if not controverted by the non-movant, "the deeming order does not automatically entitle the movant to summary judgment." *Reese v. Herbert*, 527 F.3d 1253, 1268 (11th Cir. 2008). The "court must still review the movant's citations to the record to determine if there is, indeed, no genuine issue of material fact." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1303 (11th Cir.2009). "At the least, the district court must review all of the evidentiary materials submitted in support of the motion for summary judgment." *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101–02 (11th Cir.2004). This requirement provides the Court an opportunity to address the merits of the motion. *See Dunlap v. Transamerica Occidental Life Ins. Co.*, 858 F.2d 629, 632 (11th Cir.1988).

Here, Plaintiff asks the Court to accept as true his declaration concerning the record of his criminal trial – even though the actual record of the trial reveals his declaration to be false. A Local Rule 56.1 statement, however, "is not a vehicle for making factual assertions that are otherwise unsupported in the record." *Reese v Herbert*, 527 F.3d 1253, 1268-69 (quoting *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 74 (2d Cir.2001). Having repeatedly referred to the record of his criminal trial in his pleadings and declaration in this action, Plaintiff has incorporated those portions of the record of his criminal proceeding in the record of this case by reference. "In

---

[1] Plaintiff's Motion for Summary Judgment was based on Plaintiff's mistaken belief that EOUSA had issued a *Glomar* response to his FOIA request, when, in fact, EOUSA had denied his request outright pursuant to FOIA's privacy exemptions (5 U.S.C. § 552(b)(6) and (b)(7)(C)). Plaintiff's original arguments for summary judgment were focused entirely on the propriety of a *Glomar* response and, as such, had no application in this action.

opposing summary judgment, the nonmoving party may avail itself of all facts and justifiable inferences in the record taken as a whole." *Tipton v. Bergrohr GMBH–Siegen*, 965 F.2d 994, 998 (11th Cir.1992). The Court is required to examine such portions of the record "to determine if there is, indeed, no genuine issue of material fact." *Mann*, 588 F.3d at 1303. For the reasons set forth above, even if Defendant had failed to properly controvert Plaintiff's declaration, the Court could still reject the declaration because it is clearly belied by the record taken as a whole.

Plaintiff next asks the Court not to consider the Declaration of Andrew Chan, which the government submitted in support of its post-hearing brief, because Mr. Chan was not yet a licensed attorney at the time of Plaintiff's criminal trial and because the declaration contains hearsay. In FOIA actions, however, an agency's declarations in support of summary judgment may contain hearsay and need not be submitted by the very individuals whose conduct is described therein. *See Barnard v. Dep't of Homeland Security*, 531 F.Supp.2d 131, 138 (D.D.C.2008). Such affidavits are "accorded a presumption of good faith.' *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C.Cir.1991).

## **CONCLUSION**

For the reasons provided above and previously in this action, Defendant respectfully submits that the Court should deny Plaintiff's Motion to Strike (ECF No. 42).

Dated: October 11, 2019  
Miami, Florida

Respectfully submitted,

ARIANA FAJARDO ORSHAN  
UNITED STATES ATTORNEY

By:   /s/ Carlos Raurell  
Carlos Raurell  
Assistant United States Attorney  
Florida Bar No. 529893  
Carlos.Raurell@usdoj.gov  
United States Attorney's Office  
99 NE 4th Avenue, Suite 300  
Miami, Florida 33132  
Telephone: (305) 961-9243  
Facsimile: (305) 530-7139  
Attorneys for the Defendants

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 11, 2019, I filed the foregoing document with the Clerk of the Court, using the CM/ECF system.

    /s/ Carlos Raurell
CARLOS RAURELL
Assistant United States Attorney