UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 18-24218-CIV-GAYLES

ROSS MANDELL,

    Plaintiff,

v.

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION; FEDERAL
BUREAU OF INVESTIGATION; and
UNITED STATES DEPARTMENT OF JUSTICE,

    Defendants.
_____/

## DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S COMPREHENSIVE STATEMENT OF MATERIAL FACTS

Defendant, United States Department of Justice ("DOJ"), pursuant to the Court's Order at DE No. 47, and in support of its Motion for Summary Judgment, files this Reply to Plaintiff's Response to its Comprehensive Statement of Material Facts.

## PRELIMINARY STATEMENT

Plaintiff has objected to certain material facts which Defendant supported by citation to materials in the record as required by Fed. R. Civ. P. 56(c) by simply stating that the fact are not true. *See* Material Fact Nos. 32, 33, 34, 36. By failing to cite any evidence in the record contradicting these facts, Plaintiff has failed to establish a genuine dispute as to their truth. Plaintiff has objected to other facts by referencing hearsay which is unequivocally refuted by the document it describes, and by the transcript of Plaintiffs' criminal trial. Plaintiff continues to claim that the government intended to call Steven Altman as a witness in Plaintiff's criminal case by citing an email from an employee of the district court which incorrectly described a list of

names to be read to the jury *in voir* dire as the government's witness list. *See* Material Fact No. 29. Finally, Plaintiff objects to certain facts by providing his own speculative – and incorrect – theories. For example, Plaintiff tries to dispute the declarations of the investigating agent and the prosecutor who stated under penalty of perjury that "Mr. Altman did not cooperate in the government's investigation or prosecution," by providing his own opinion that "the government might have used Altman improperly in the course of its investigation or prosecution." *See* Material Fact No. 30. As to these and other material facts, Plaintiff has failed to establish a genuine dispute about the facts material to the government's motion for summary judgment.

## RESPONSE TO PLAINTIFFS' ADDITIONAL FACTS

57. During her summation of the evidence against Plaintiff and his conduct, the prosecutor indicated that when NASD wished to question certain individuals about who was running Thornwater, Plaintiff "gave these brokers his personal lawyer" whose job it was to "hide the fraud from the outside world." This statement by the prosecutor does not, itself, establish that Plaintiff and Altman enjoyed a *bona fide* attorney-client relationship, especially since the attorney-client privilege does apply to conduct in furtherance of a crime or fraud. *In re Grand Jury Investigation*, 842 F.2d 1223, 1226 (11th Cir.1987).

58. Undisputed.

59. Undisputed.

60. The Sentencing Memorandum referenced speaks for itself. It is undisputed that Steven Altman was not prosecuted.

61. Undisputed. *See* No. 57 (above).

62. Undisputed that Altman was not charged.

63. Undisputed that the government has not offered an explanation for its prosecutorial decisions regarding Steven Altman.

64. Undisputed that Defendant denied Plaintiff's FOIA request for records concerning Steven Altman.

Dated: January 29, 2020
Miami, Florida

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By:    /s/ Carlos Raurell
Carlos Raurell
Assistant United States Attorney
Florida Bar No. 529893
Carlos.Raurell@usdoj.gov
United States Attorney's Office
99 NE 4th Avenue, Suite 300
Miami, Florida 33132
Telephone: (305) 961-9243
Facsimile: (305) 530-7139
Attorneys for the Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on January 29, 2020, I filed the foregoing document with the Clerk of the Court, using the CM/ECF system.

 /s/ Carlos Raurell
CARLOS RAURELL
Assistant United States Attorney